IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-0263-CV-W-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING ALJ'S DECISION

Plaintiff Crystal Wilson seeks judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq.*, and her application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Wilson alleges she became disabled as of June 18, 2007, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability and SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the records supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

2

In the instant case, the administrative law judge ("ALJ") found that despite Plaintiff's alleged back pain, depression, and fibromyalgia, Plaintiff was not disabled and could perform work that exists in the national economy. Plaintiff, however, argues that the ALJ's decision is not supported by substantial evidence of record because: (1) the ALJ failed to properly weigh the medical source opinion of record; and (2) the ALJ incorrectly formulated Plaintiff's Residual Functional Capacity ("RFC").

**A. The ALJ's evaluation of medical opinion evidence is supported by substantial evidence of record.**

Plaintiff first argues that the ALJ erred in weighing the medical opinion evidence, failing to give controlling weight to the opinions of Dr. Moore and Dr. Dunn, Plaintiff's treating physician and psychiatrist, and assigning too much weight to the consultative assessment of Dr. Keith Allen. Specifically, Plaintiff alleges that the ALJ improperly disregarded Dr. Moore's opinion regarding her physical limitations even though Dr. Moore's opinion is consistent with her own treatment notes and the medical record as a whole. Plaintiff also contends that the ALJ erred in failing to consider portions of Dr. Dunn's opinion that Plaintiff had marked limitations in maintaining concentration, persistence, and pace as well as in interacting with the general public.

Social security regulations dictate the weight an ALJ must accord to medical opinion evidence. *See* 20 C.F.R. § 404.1527. Under the regulations, the opinions of treating physicians are entitled to substantial weight. *Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993). However, while a well-supported treating physician's opinion is entitled to substantial weight, the opinion

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

itself "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). A treating physician's opinion should only be given controlling weight if it is "not inconsistent with the other substantial evidence." *Dolph v. Barnhart*, 308 F.3d 876 (8th Cir. 2002). "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions . . . ." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

Here, the ALJ considered Dr. Moore's assessment of Plaintiff's physical limitations and her opinion that Plaintiff was not even capable of performing sedentary work. However, the ALJ discounted this assessment because it was "not supported by the medical evidence of record." R. at 17. Plaintiff argues that the ALJ's failure to "give good reasons" for discounting Dr. Moore's assessment is reversible error.

Plaintiff is correct that in determining how much weight to accord a physician's opinion, the ALJ must take into account a variety of considerations and must "give good reasons . . . for the weight [to] give [the] treating source's opinion." 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). Here, however, the ALJ gave such a reason, noting that Dr. Moore's opinion was inconsistent with the medical evidence of record. The record supports this conclusion, showing that Plaintiff's daily activities consisted of working on her car, moving furniture, carrying heavy boxes, and carrying her son for hours at a time. R. at 12, 16, 293, 296, 299, 310, 313, 335. Because the ALJ discussed these activities at length, and because the regulations provide that a treating physician's opinion which is inconsistent with the record as a whole may be discounted, the Court finds that the ALJ properly weighed Dr. Moore's opinion.

4

The Court also finds that the ALJ properly considered Dr. Dunn's medical opinion. First, the ALJ thoroughly discussed Dr. Dunn's assessment of Plaintiff's mental abilities, specifically highlighting the portions of Dr. Dunn's opinion stating that claimant's understanding, memory, sustained concentration, and persistence were not significantly to moderately limited. Plaintiff argues that the ALJ erred in failing to consider other portions of Dr. Dunn's opinion which suggest that Plaintiff is markedly limited in other areas including the ability to perform activities within a schedule, maintain regular attendance, and work without interruption. However, although the ALJ did not discuss these portions of Dr. Dunn's testimony, the RFC restrictions she imposed for Plaintiff properly incorporate the "marked" restrictions outlined by Dr. Dunn.

Finally, the ALJ did not err in assigning substantial weight to the consultative opinion of Dr. Allen, the State agency psychiatrist who thoroughly analyzed Plaintiff's medical records. "State agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i) and 416.927(f)(2)(i). Here, Dr. Allen opined that Plaintiff was not "significantly limited" in her ability to perform work functions, and the ALJ properly took this into account in making her determination.

Thus, although the ALJ could have been more thorough in her discussion of the medical opinion evidence, the court finds that her opinion indicates a thorough understanding of the medical evidence based upon the administrative record as a whole.

**B. The ALJ properly assessed Plaintiff's RFC.**

After assessing the medical evidence of record, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with additional limitations including: only occasionally climbing ramps and stairs, balancing, stooping, or

kneeling; no crawling or climbing ladders, ropes, and scaffolds; no concentrated exposure to unprotected heights and hazardous machinery, limitation to tasks that can be learned in less than 30 days and involve no more than simple work-related decisions with few workplace changes, and limited to occasional interaction with the public. The Court finds this determination supported by substantial evidence of record.

Plaintiff asserts that the ALJ failed to provide a "specific bridge" between the RFC and the medical evidence as required by Social Security Ruling 96-8p (Doc. 7). An ALJ must base her RFC determination on all evidence of record. *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). Social Security Ruling 96-8p specifically requires that an RFC determination include "a narrative discussion describing how the evidence supports each conclusion." Although an RFC is a medical determination, in making this determination the ALJ must rely not only on medical evidence but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

Here, as discussed above, the medical evidence supports the ALJ's determination, and the ALJ thoroughly considered and discussed this evidence in rendering her decision. For four pages of her opinion, the ALJ summarized the evidence, noting how the objective medical evidence, the claimant's daily activities, and the claimant's inconsistent allegations of disability are consistent with the specified RFC. In addition, the ALJ devoted significant time to discussing the opinions of Plaintiff's doctors and individuals at the State agency.

Overall, the ALJ's determination is both fully supported and sufficiently explained. Accordingly, the Court upholds the ALJ's determination of Plaintiff's RFC, finding that the

ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations.  *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).

### Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record.  Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 13, 2012               /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT